### 12119

#### STATE v. BRUCE

##### (136 S. E., 29)

1. INTOXICATING LIQUORS—WHETHER DEFENDANT TRANSPORTED LIQUOR HELD FOR JURY.—Question of whether defendant transported liquor *held* properly submitted to jury on conflicting evidence.

2. CRIMINAL LAW—ALLEGED IMPROPER QUESTIONS HELD NOT ERROR, WHERE OBJECTIONS THERETO WERE SUSTAINED.—Alleged improper questions, asked defendant on cross-examination, *held* not to constitute error, where objections thereto were sustained.

Before BONHAM, J., Anderson, May, 1926. Affirmed.

Tillman Bruce was convicted of violation of the State prohibition law and he appeals.

The third exception referred to in the opinion. is as follows:

"Third. Because of error in the Court below in refusing the defendant a new trial upon the ground that the Solicitor, upon his cross-examination of the defendant, asked him these questions: 'Q. Have you had a drink this morning? A. No, sir. Q. Would you mind letting the jurors smell of your breath?'—it being respectfully submitted that these questions were manifestly unfair and improper, and were calculated to prejudice and did prejudice the minds of the jury against the defendant."

*Messrs. T. P. Dickson* and *H. C. Miller,* for appellant cite: *Statute prohibiting transportation of liquor:* Crim. Code 1922 Sec. 860.

*M̧r. L. W. Harris, Solicitor,* for respondent cites *One found in possesison of liquor presumed to have transported it therd:* 60 S. E., 234. *Burden on person found in possession of liquor to show lawful acquisition:* 101 S. E., 663. *Transportation entirely on premises of owner unlawful:* 244 S. W., 799. *Distance of transportation immaterial:* 237 P., 627; 237 P., 486; 43 Sup. Ct. Rep., 504. *Transportation":* 115 S. E., 512; 114 S. E., 590; 109 S. E., 590; 101 S. E., 663; 61 S. E., 891; 43 Sup. Ct. Rep., 504; 114 U. S., 196; 90 Pa., 307. *Intent immaterial in crime of transporting liquor:* 246 S. W., 795; 245 S. W., 134; 205 S. W., 423; 175 N. W., 685. *Errors not objected to on circuit will not be heard on appeal:* 113 S. E., 119. *Harmless error no ground for reversal:* 132 S. E., 45; 128 S. E., 882. *Objection to improper question by Solicitor sustained no ground for reversal:* 130 S. E., 337; 118 S. E., 311. *Question by Solicitor as to drinking habit of defendant not improper:* 126 S. E., 757; 118 S. E., 807; 118 S. E., 783.

December 9, 1926.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"The appellant, herein called defendant, was tried and convicted at the May, 1926, term of Court of General Sessions at Anderson of an alleged violation of the State prohibition law, and sentenced to three months at hard labor upon the public works of Anderson County or for a like period in the State penitentiary. The appeal from this judgment is based upon three exceptions. The exceptions impute error in the Court below in refusing to direct a verdict of not guilty for the defendant on the second count in the indictment, charging him with transporting liquor, when there was no testimony to show that he did transport liquor, as charged in the indictment and as fixed by statute. It is respectfully contended that the Court was in error in refus-

ing to charge defendant's request as follows: 'That the mere removing of alcoholic liquor from one place to another on one's own premises is not transporting liquor, as the law contemplates. There must be a delivery or a contemplated delivery in order to constitute the offense of transporting.' "

These exceptions must be overruled, as there was a conflict of evidence between state witnesses and defendant as to the transportation of the liquor. The state witnesses testified that the defendant did carry between the church and schoolhouse. The defendant claimed he never left his premises.

That was a question of fact properly left by his Honor for the jury to determine, and the jury decided against the defendant. We see no error on the part of his Honor, as complained of by the exceptions.

Exception 3 is overruled because on objection of defendant's counsel the objection was sustained by his Honor.

All exceptions are overruled and judgment affirmed.

Messrs. Justices Cothran, Blease, and Stabler and Mr. Acting Associate Justice Ramage concur.